

NUMBER 13-12-00254-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**HOMERO ERASMO GARZA JR.,**             **Appellant,**

**v.**

**THE STATE OF TEXAS,**             **Appellee.**

---

### On appeal from the 206th District Court
### of Hidalgo County, Texas.

---

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Benavides and Longoria
Memorandum Opinion by Justice Longoria**

By one issue, appellant, Homero Erasmo Garza, Jr., appeals his conviction for failure to register as a sex offender, a third-degree felony. *See* TEX. CODE CRIM. PROC. ANN. art. 62.102(b)(2) (West 2006). We affirm.

## I. BACKGROUND

On March 2, 2008, appellant was placed on deferred adjudication community supervision for the offense of sexual assault of a child. *See* TEX. PENAL CODE ANN. § 22.011(a)(2) (West 2011). Thereafter, appellant was indicted for failing to register as a sex offender. The indictment alleged that, on or about October 11, 2011, appellant was required to but failed to register as a sex offender with officials of the City of Edinburg, Texas. Appellant pled not guilty. At the conclusion of a jury trial, appellant was found guilty as charged. This appeal ensued.

## II. ANALYSIS

In one issue, appellant argues that the evidence was not sufficient to support the jury's verdict.

### A. Standard of Review

In a sufficiency review, courts examine the evidence in the light most favorable to the verdict to determine whether "any rational fact finder could have found guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010) ("[T]he *Jackson* legal-sufficiency standard is the only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the State is required to prove beyond a reasonable doubt."). This standard requires reviewing courts to resolve any evidentiary inconsistencies in favor of the judgment, keeping in mind that the jury is the exclusive judge of the facts, the credibility of the witnesses, and the weight to give their testimony. *Brooks*, 323 S.W.3d at 899; *see also* TEX. CODE CRIM. PROC. ANN. art. 38.04 (West 1979) ("The jury, in all cases, is the exclusive judge

of the facts proved, and of the weight to be given to the testimony. . . .").  Appellate courts do not re-evaluate the weight and credibility of the evidence; they only ensure that the fact finder reached a rational decision.  *Laster v. State*, 275 S.W.3d 512, 517 (Tex. Crim. App. 2009).

Sufficiency of the evidence is measured by the elements of the offense as defined by a hypothetically correct jury charge.  *Villarreal v. State*, 286 S.W.3d 321, 327 (Tex. Crim. App. 2009); *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997).  "Such a charge is one that accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried."  *Villarreal*, 286 S.W.3d at 327; *Malik*, 953 S.W.2d at 240.

## B.  Applicable Law

A person commits the offense of failure to comply with registration requirements if the person "is required to register and fails to comply with any requirement" of chapter 62.  TEX. CODE CRIM. PROC. ANN. art. 62.102.  In relevant part, chapter 62 provides as follows:

> A person who has a reportable conviction or adjudication or who is required to register as a condition of parole, release to mandatory supervision, or community supervision shall register or, if the person is a person for whom registration is completed under this chapter, verify registration as provided by Subsection (f), with the local law enforcement authority in any municipality where the person resides or intends to reside for more than seven days.  If the person does not reside or intend to reside in a municipality, the person shall register or verify registration in any county where the person resides or intends to reside for more than seven days.  The person shall satisfy the requirements of this subsection not later than the later of:
>
> > (1) the seventh day after the person's arrival in the municipality or county; or

> (2) the first date the local law enforcement authority of the municipality or county by policy allows the person to register or verify registration, as applicable.

*Id.* art. 62.051(a) (West Supp. 2011).

Therefore, under a hypothetically correct jury charge, the State had to prove beyond a reasonable doubt that (1) appellant was required to comply with the registration requirements of chapter 62 of the code of criminal procedure (i.e., he was a sex offender) and that (2) appellant intentionally, knowingly, or recklessly failed to report to local law enforcement within the allotted time. *See id.*; TEX. PENAL CODE ANN. § 6.02(b)–(c) (West 2011) (stating that if an offense "does not prescribe a culpable mental state, a culpable mental state is nevertheless required unless the definition plainly dispenses with any mental element" and that "intent, knowledge, or recklessness suffices to establish criminal responsibility").

## C. Discussion

The record reflects that, after appellant received deferred adjudication, he registered with the proper authorities in Edinburg, Texas, indicating that he was residing at 1015 Manana Street. The record also reflects that appellant's wife and children reside at 1015 Manana Street. Approximately six months after appellant's initial registration, appellant was required to relocate because the residence located at 1015 Manana Street was within the child-safety-zone distance from a day-care center in violation of condition 12 of appellant's terms of community supervision. Subsequently, on June 14, 2010, appellant registered with the Pharr Police Department, indicating that he was living at a residence with his father in Pharr, Texas.

Appellant contends that the evidence was not sufficient to support the jury's verdict because the State failed to prove that, in or about October 2011, appellant "had, in fact, moved to his wife's house at 1015 Manana Street in Edinburg, and resided or intended to reside at that residence for more than seven days." Thus, according to appellant, he was not required to register with the authorities in Edinburg.

At trial, the State offered the testimony of six witnesses to establish that, at the time of the offense in October 2011, appellant had resided or intended to reside at his wife's residence in Edinburg for more than seven days. Two neighbors testified that they had seen appellant at the Edinburg residence on a "consistent" basis. One of the neighbors testified that he believed appellant had been living at the residence for twenty or more consecutive days. This witness observed appellant engaging in day-to-day activities consistent with those of a resident, such as checking the mail and taking out the trash. The second neighbor also believed appellant was living at the residence, but he did not know how long appellant had been living there. This witness observed appellant's wife throwing clothes out on the street, arguing with appellant, and demanding that appellant leave the premises.

Another witness for the State was Marcus Ramirez, an officer with the Pharr Police Department who was involved in overseeing the sex offender registration program. Ramirez testified that he went to appellant's address of record in Pharr on a number of occasions and discovered that appellant was not there. Ramirez testified that he obtained information from appellant's father indicating that appellant would go to Edinburg to stay with his wife for several days at a time. According to Ramirez, appellant's last update on October 27, 2011 indicated that appellant continued to reside

5

at the Pharr residence with his father; however, based on his experience and observations, Ramirez believed that appellant was no longer residing in Pharr.

The State also relied on the testimony of Leticia Trevino Garcia, appellant's probation officer from March 2008 through June 2011. Garcia testified that she found appellant at the Edinburg address between five and ten times. Garcia also testified that she went to the Pharr residence several times and confirmed that appellant's belongings remained at that location. Based on her experience and observations, Garcia believed appellant was residing in Edinburg, not Pharr.

Another witness called by the State was Anna Maria Wittenberg. Wittenberg began working as appellant's probation officer in June 2011. Wittenberg testified that she made several visits to the Pharr residence, but she was not able to contact appellant at that location because he was never there. She suspected that appellant was residing in Edinburg.

Finally, the State relied on the testimony of Officer Arturo Montemayor of the Edinburg Police Department. Montemayor testified that he was assigned the case after appellant's probation officer and the Pharr Police Department expressed concerns that appellant was no longer residing in Pharr with his father, where he was registered with local authorities, but was in fact residing with his wife in Edinburg. Montemayor conducted an investigation, which included interviews with appellant, appellant's father, and neighbors who lived in the Edinburg neighborhood where appellant's wife lived, all of whom stated that they had seen appellant at the residence over the course of several weeks. In addition, Montemayor testified that he discovered appellant at the Edinburg

6

residence. Based on the information gathered during the course of his investigation, Montemayor concluded that appellant was in violation of the reporting statute.

We conclude that the foregoing evidence is sufficient to prove that appellant resided or intended to reside in Edinburg for more than seven days and failed to register as required by article 62.102. Accordingly, appellant's issue is overruled.

### III. CONCLUSION

The judgment of the trial court is affirmed.

_____
NORA L. LONGORIA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
14th day of March, 2013.